HELGA SHAW, Appellant, v. LOUIS LEVINE & SONS, INC., Respondent.— Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements. No opinion. The date for the examination to proceed shall be fixed in the order. Settle order on notice. Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Shientag, JJ.

## (February 13, 1951.)

IRVING GERBER, Respondent, v. JAROLD SHOPS, INC., Appellant.

*Per Curiam.* The verdict in favor of plaintiff was contrary to the weight of the evidence and should be set aside. It is undisputed that between November, 1942, and March, 1947, plaintiff received $50 per week while defendant charged itself with weekly salary payments to plaintiff of $125. Defendant admits that plaintiff was employed at a salary of $125 during that period, but it fails to explain the weekly pay envelopes containing $50 which had been prepared by its bookkeeper. Nor does it explain what became of the remaining $75. Plaintiff testified that defendant withheld the $75 each week pursuant to an oral agreement whereby the net after taxes was to be held for his account and the accumulations paid to him when he left defendant's employ, unless prior to that time the fund reached $15,000 and applied toward the purchase of shares of defendant's stock by plaintiff. The claim plaintiff now asserts is in direct conflict with his affidavit of March 15, 1948, executed after he left defendant's employ and inconsistent with his conduct while in defendant's employ. He never asked for nor received a statement showing the amount of the accumulations. Although the agreement was entered into in 1942, it was not mentioned or referred to from that time until his discharge in the early part of March, 1948, at which time he claims to have asked for payment of the amount standing to his credit.

Plaintiff testified that in 1944 the attitude of one of defendant's officers toward him made him realize that defendant might repudiate or deny the 1942 oral agreement. Despite his apprehension he remained silent. Instead of demanding some written evidence of the agreement, he began carefully preserving his weekly pay envelopes so that he would have proof as to the amount he had received each week. Plaintiff is not an unintelligent person and it must have been quite apparent to him that the pay envelopes would be of no evidentiary value whatsoever if he were carried on defendant's books at a salary of $50 per week. They achieve importance as evidence only because defendant's records show plaintiff's salary to have been $125. Plaintiff could not have been aware of that fact in 1944 in view of his testimony that he was unfamiliar with defendant's books and had never seen them. The evidence in the case gives rise to a strong suspicion that plaintiff is attempting to capitalize on a tax evasion arrangement.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.